UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANDRIA BERGER,

                            Plaintiff,

    -against-                                 6:16-CV-1277 (LEK/ATB)

NYS OFFICE FOR PEOPLE WITH
DEVELOPMENTAL DISABILITIES,
*et al*.,

                            Defendants.

**DECISION AND ORDER**

**I.    INTRODUCTION**

This matter comes before the Court following an Order and Report-Recommendation filed on November 8, 2016, by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3. Dkt. No. 5 ("Report-Recommendation"). Pro se plaintiff Andria Berger filed Objections. Dkt. No. 6 ("Objections").

**II.    LEGAL STANDARD**

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-0857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07, 306 n.2 (N.D.N.Y. 2008); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011)

("[E]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Otherwise, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

### III. DISCUSSION

Berger has waived judicial review of Judge Baxter's Report-Recommendation because she was late in filing her Objections. The Report-Recommendation, which was filed on November 8, 2016, states that the parties have fourteen days to file objections. Rep.-Rec. at 19. It further notes that failure to timely file objections will preclude appellate review. Id. Berger filed her Objections on November 28, 2016, three days after the November 25 deadline. Docket. In this circuit, "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision." Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (quoting Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)). A pro se litigant such as Berger loses the right to appellate review only if "the magistrate's report . . . warn[s] the pro se litigant of the consequences of the failure to object." Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992). The warning contained in Judge Baxter's Report-Recommendation complies with Small's requirement that such a warning "specifically cite[] 28 U.S.C. § 636(b)(1) and rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure." 892 F.2d at 16. Thus, Berger was on notice of the deadline and the consequences of failing to comply with

2

it. While a court "may excuse the default in the interests of justice," Spence v. Superintendent, Great Meadow Corr. Facility, 219 F.3d 162, 174 (2d Cir. 2000) (quoting Thomas v. Arn, 474 U.S. 140, 155 (1985)), the Court sees no reason to do so here. None of the objections Berger raises has "substantial merit," and there is no indication that Judge Baxter "committed plain error in ruling against the defaulting party." Id.

Even if the Court ignored Berger's default, her objections would not survive de novo review. She argues that her claim for tortious interference with performance of a contract should not be dismissed. Objs. at 1. But she never explains how any of the defendants caused her or her employer to breach her employment contract. Instead, she simply asserts that "Defendant Lafountain interfered with [her] obligations under the law. [She] followed the law and no longer has an employment position because of it." Id. Berger cannot state a claim for tortious interference without alleging a breach of contract, see Lama Holding Co. v. Smith Barney, 668 N.E.2d 1370, 1375 (N.Y. 1996) (noting that "[t]ortious interference with contract requires . . . actual breach of [a] contract"), so her failure to do so makes this objection meritless.

Berger also argues that she has stated a claim under New York General Business Law section 349(a), which forbids "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state." Objs. at 1. Berger's problem is that she cannot make out a prima facie case under section 349 unless she shows that "the defendant's conduct is 'consumer-oriented.'" Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 64–65 (2d Cir. 2010) (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741, 744 (N.Y. 1995)). "For conduct to be 'consumer oriented,' it must involve 'some harm to the public at large.'" Toussie v. Allstate Ins. Co., No. 15-CV-5235, 2016 WL 6537670,

3

at *4 (E.D.N.Y. Nov. 3, 2016) (quoting Dupler v. Costco Wholesale Corp., 249 F.R.D. 29, 43 n.3 (E.D.N.Y. 2008)). Here, Berger has alleged at most injury to herself; she has not pointed to any harm to the public at large. Judge Baxter was right to recommend dismissal of this claim.

Finally, Berger objects to Judge Baxter's finding that she cannot bring a claim under section 16.35(c) of the New York Mental Hygiene Law. Objs. at 9. As Judge Baxter correctly pointed out, however, "there is no indication that there is any private right of action for any 'violation' of this statute. In fact, the beginning of subsection c states that the efforts of the Commissioner 'may' include the following 'projects.'" Rep.-Rec. at 6 n.4. Thus, this objection is not well taken.

The Court has reviewed the remainder of the Report-Recommendation for clear error and has found none.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 5) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED with leave to amend** as against defendant Julie Lafountain; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED without leave to amend** as against defendant Bill Loya; and it is further

**ORDERED**, that Berger's second, fourth, fifth, sixth, and seventh causes of action are **DISMISSED without leave to amend**; and it is further

**ORDERED**, that Berger has **thirty (30) days** to file a proposed amended complaint if she wishes to attempt to cure the defects in pleading as against defendant Lafountain; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	February 22, 2017
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge