UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ANDRIA BERGER,

           *Plaintiff*,     6:16-CV-1277

   -against-              (LEK)(ATB)

NEW YORK STATE OFFICE FOR PEOPLE WITH
DEVELOPMENTAL DISABILITIES and JULIE
LAFOUNTAIN,

           *Defendants*.

---

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT NEW YORK STATE OFFICE FOR PEOPLE WITH DEVELOPMENTAL DISABILITIES' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

                ERIC T. SCHNEIDERMAN
                Attorney General of the State of New York
                Attorney for Defendant New York State Office
                  for People with Developmental
                  Disabilities
                The Capitol
                Albany, New York 12224-0341

Rachel Maman Kish
Assistant Attorney General, of Counsel
Bar Roll No. 518559
Telephone: (518) 776-2589
Fax: (518) 915-7738 (Not for service of papers)

Date: July 20, 2017

## Table of Contents

STATEMENT OF THE CASE .................................................................................................. 1

STANDARD OF REVIEW ...................................................................................................... 3

PLAINTIFF'S STATE LAW CLAIMS ARE BARRED. ............................................................. 4

PLAINTIFF'S NINTH CLAIM IS VAGUE AND DOES NOT STATE A CAUSE OF ACTION. .................................................................................................................................. 5

PLAINTIFF FOURTH AND TENTH CAUSES OF ACTION SHOULD BE DISMISSED, AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION. .................................................................................................................................. 6

PLAINTIFF'S TITLE VII CLAIMS ALLEGING RETALIATION SHOULD BE DISMISSED. ........................................................................................................................... 7

CONCLUSION .......................................................................................................................... 8

**STATEMENT OF THE CASE**

On October 26, 2016, plaintiff filed a complaint alleging violations of, among others, Title VII and N.Y. Exec. Law § 290, *et seq*. (the "Human Rights Law"). See Docket No. 1. Simultaneously, plaintiff moved for leave to proceed *in forma pauperis*. See Docket No. 2. Following judicial review, the court issued an order and report-recommendation granting plaintiff leave to proceed *in forma pauperis*, and dismissing several of plaintiff's causes of action. See Docket No. 5. Plaintiff objected, see Docket No. 6, but the report-recommendation was adopted. See Docket No. 7.

Plaintiff filed a proposed amended complaint, but it restated her original complaint, including claims that had already been dismissed. See Docket Nos. 8-9. The proposed amended complaint was stricken, and plaintiff was permitted to submit a new proposed amended complaint. See Docket Nos. 8-9.

Plaintiff filed a second amended complaint ("SAC") on May 15, 2017, to which she attached a right-to-sue letter issued to her by the Equal Employment Opportunity Commission ("EEOC"). See Docket No. 10. The letter is dated August 5, 2016. See Docket No. 10, p. 12.

Plaintiff's SAC contains the following causes of action:

1. Title VII claim against defendant NYS Office for People with Developmental Disabilities ("OPWDD"), alleging gender discrimination;

2. Title VII claim against defendant LaFountain alleging retaliation;

3. Title VII claim alleging constructive discharge[1];

4. 42 U.S.C. § 1320a(7)(b) claim alleging violation of the statute;

---

[1] The court interpreted this claim as a Title VII retaliation claim. See Docket No. 11, fn. 7.

1

      5.      N.Y.S. Labor Law § 191 claim against OPWDD alleging late payment of wages;

      6.      N.Y.S. Human Rights Law, N.Y. Exec. Law § 296 claim against defendant LaFountain[2];

      7.      N.Y.S. Labor Law § 740 claim against OPWDD alleging retaliatory personnel action;

      8.      N.Y.S. Civil Service Law § 75-b claim against OPWDD;

      9.      "Unfair Labor Practices" allegation against all defendants; and,

      10.     Fraud Enforcement and Recovery Act claim.

See Docket No. 11, pp. 5-6.  See also Docket No. 10.

The court reviewed plaintiff's SAC, and issued an order that contained the following ruling:

> This court questions the viability of several of the above claims.  However, because this is plaintiff's second attempt at submitting an amended complaint, and she insists on restating some of the claims that the court has dismissed with prejudice, there is no point to having the plaintiff make another attempt.  Therefore, the court will allow this SAC to be served [….]
>
> Although this court is allowing service of the SAC, it makes absolutely no finding regarding whether the grounds state above would survive a properly supported motion to dismiss or one for summary judgment.

See Docket No. 11, pp. 6-7.

Defendants move herein pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6) for an order dismissing the SAC.

---

[2] This cause of action is alleged against defendant LaFountain only.

2

## STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) tests the legal sufficiency of the claims stated in the complaint. The court's function is "not to weigh the evidence that might be presented at trial but merely to determine whether the complaint is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). The allegations in the complaint are accepted as true, and the court must draw all reasonable inferences in favor of plaintiff. Thomas v. City of New York, 143 F.3d 31, 37 (2d Cir. 1998).

This standard is not without limit, however: A complaint must allege "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The court cannot assume "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679-80.

It is important to note that the Supreme Court clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. (*citing* Twombly, 550 U.S. at 555). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, also are insufficient." Id. Thus, a pleading that offers "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertion[s]" devoid of "further factual enhancement" is insufficient. Id. (*quoting* Twombly, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] that the pleader is entitled to relief." Id. at 679 (internal citations and quotations omitted).

## PLAINTIFF'S STATE LAW CLAIMS ARE BARRED.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. amend. XI. See also Nodoushani v. S. Conn. State Univ., 507 Fed. Appx. 79, 80 (2d Cir. 2013). "In other words, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity […]." Beazer v. N.Y. State Office of Mental Health, 2017 U.S. Dist. LEXIS 86906, 16 (E.D.N.Y. June 5, 2017).

Plaintiff's fifth cause of action should be dismissed for the additional reason that "[s]tate agenc[ies are] exempt from the provisions of Labor Law §191." Mancuso v. Crew, 255 A.D.2d 295, 296 (2d Dep't 1998), *citing* City of New York v. State of New York, 86 N.Y.2d 286, 290 (1995). See also Matter of Kelly (Commissioner of Labor), 145 A.D.3d 1306, 1307 (3d Dep't

4

2016). Further, "[e]xcept for manual workers, all other categories of employees entitled to statutory protection under Labor Law § 191 are limited by definitional exclusions of one form or another for employees serving in an executive, managerial or administrative capacity." Gottlieb v. Kenneth D. Laub & Co., 82 N.Y.2d 457, 461 (1993).

Plaintiff's fifth, seventh, eight, and ninth causes of action allege that OPWDD acted in violation of state law. As these claims are barred, the causes of action should be dismissed as a matter of law, with prejudice.

### PLAINTIFF'S NINTH CLAIM IS VAGUE AND DOES NOT STATE A CAUSE OF ACTION.

Plaintiff's ninth cause of action is entitled "Unfair Labor Practices," and the content of the claim states only: "Against all defendants. As stated herein." See Docket No. 10, ¶ 62. Such an allegation is insufficient to survive a motion to dismiss.

"Rule 8 requires a complaint to set forth a short and plain statement of the claim showing that the pleader is entitled to relief. Its purpose is to provide adequate notice of the claims so that the adverse party can answer the complaint and prepare for trial." Jemmott v. N.Y. City Transit Auth., 660 Fed. Appx. 62, 63 (2d Cir. 2016). The phrase "unfair labor practices" can apply to any number of state and federal laws, statutes, or regulations. Plaintiff's ninth claim is impermissibly vague, and should be dismissed.

As is stated above, a claim must have adequate specificity so as to allow a defendant to answer a complaint. Plaintiff's ninth cause of action does not include any statutory or other legal basis. See Docket No. 10, ¶ 62. As her ninth cause of action is too vague to be interpreted or answered, it should be dismissed.

### PLAINTIFF FOURTH AND TENTH CAUSES OF ACTION SHOULD BE DISMISSED, AS THE STATUTES DO NOT PROVIDE FOR A PRIVATE RIGHT OF ACTION.

Plaintiff's fourth cause of action alleges a violation of 42 U.S.C. § 1320a-7b, and her tenth cause of action alleges a violation of the Fraud Enforcement and Recovery Act ("FERA"). See Docket No. 10, pp. 8-9. Neither of these statutes provide for or imply a private right of action, and so both should be dismissed with prejudice.

The "Anti-Kickback Statute" provides for "[c]riminal penalties for acts involving Federal health care programs." 42 U.S.C.S. § 1320a-7b. See also United States v. Quest Diagnostics, Inc., 734 F.3d 154 (2d Cir. 2013). "The statute [is a] federal anti-kickback law that appl[ies] to federal health care programs. [...T]he statute provides that only the Secretary of Health and Human Services may initiate proceeding to enforce these statutes." Townsend v. Highland Gen. Hosp., 2014 U.S. Dist. LEXIS 54191, 17 (N.D.N.Y. Jan. 29, 2014) ("regardless of what plaintiff believes happened as a result of the defendants' action or problems with Medicaid, plaintiff cannot bring an action under these statutes").

Similarly, the FERA only allows private actions that are "brought only in the name of the Government." Ruotolo v. Fannie Mae, 933 F.Supp. 2d 512, 522 (S.D.N.Y. 2013). Certain procedural requirements must be met, including that the complaint must be filed *in camera*, remain under seal for at least 60 days, and be served upon defendant(s) only once the court has ordered her to do so. Id. Further, "private persons who attempt to initiate such a suit are not actually plaintiffs but rather are deemed 'relators,' and because relators lack a personal interest in False Claims Act[3] *qui tam* actions, the Second Circuit has concluded that they are not entitled to

---

[3] The FERA is an amendment to the False Claims Act. Id.

proceed *pro se*." Id. (internal citations and quotation marks omitted), *citing* United States ex rel. Mergent Servs. v. Flaherty, 540 F.3d 89, 93 (2d Cir. 2008).

As neither 1320a-7b nor the FERA provide for a private right of action such as the one plaintiff has brought, her fourth and tenth causes of action should be dismissed with prejudice.

### PLAINTIFF'S TITLE VII CLAIMS ALLEGING RETALIATION SHOULD BE DISMISSED.

Plaintiff's first, second, and third causes of action allege violations of Title VII, which includes allegations of retaliation, including in the form of constructive discharge. See Docket No. 10, pp. 4-8. See also Docket No. 11, pp. 5-6.

Plaintiff alleges that her initial problems in the workplace began when, on August 31, 2015, she was transferred from one facility to another. See Docket No. 10, pp. 3-5. The next day, she complained to her supervisor about the transfer. Id. While plaintiff alleges retaliation, she does not allege that she engaged in any protected activity prior to much of the alleged retaliatory conduct.

To allege retaliation, plaintiff must allege: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." McMenemy v. City of Rochester, 241 F.3d 279, 282-283 (2d Cir. 2001). Protected activity is defined as: (1) filing a charge, testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Title VII; or (2) opposing any practice made unlawful by Title VII. See 42 U.S.C. § 2000e-3(a); Littlejohn v. City of New York, 795 F.3d 297, 316 (2d Cir. 2015).

Plaintiff engaged in a protected activity by filing a complaint with the NYS Division of

7

Human Rights ("DHR") on October 24, 2015, but there is no evidence that she engaged in any protected activity prior to this filing. The DHR complaint was filed after most of the alleged retaliatory acts she claims occurred. See Docket No. 10, pp. 5-6 (alleging incidents on and around September 1, 2015). Any conduct that allegedly occurred prior to October 24, 2015, cannot serve to establish a retaliation claim, and those allegations should be dismissed.

Further, plaintiff's union grievance, dated September 8, 2015, does not constitute a protected activity under Title VII because it did not oppose any practice made unlawful by Title VII. A union grievance can constitute protected activity only if it concerns discrimination, but union grievances that complain of matters other than discrimination do not constitute protected activity for purposes of Title VII. Mack v. Paris Maint. Co. Inc., 2016 U.S. Dist. LEXIS 22071, 27 (S.D.N.Y. Feb. 22, 2016) (internal citations omitted).

Plaintiff is unable to allege a Title VII retaliation claim, and her first, second, and third causes of action should be dismissed in part or in whole as a matter of law, with prejudice.

## CONCLUSION

Defendant OPWDD respectfully submits that its motion should be granted in its entirety, and that plaintiff's second amended complaint should be dismissed. Defendant additionally respectfully requests that discovery should be stayed during the pendency of this motion.

Dated: Albany, New York
       July 20, 2017

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant New York State Office
    for People with Developmental
    Disabilities
The Capitol
Albany, New York 12224-0341

By: s/ *Rachel Maman Kish*

Rachel Maman Kish
Assistant Attorney General, of Counsel
Bar Roll No. 518559
Telephone:  (518) 776-2589
Fax:  (518) 915-7738 (Not for service of papers)
Email: Rachel.Kish@ag.ny.gov

TO:

**Andria Berger**
131 Wendell Avenue
Broadalbin, NY 12025
PRO SE

9